**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**

FILED

July 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **DON L. HANCOCK,** | ) | |
| | ) | **C.C.A. NO. 01C01-9710-CR-00489** |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | **(No. 2554 Below)** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | The Hon. Thomas H. Shriver |
| | ) | |
| Appellee. | ) | **(Dismissal of Habeas Corpus Petition)** |

**O R D E R**

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Finding that the trial court lacked jurisdiction to consider the appellant's claim, we affirm the denial of the appellant's petition for habeas corpus relief.

In this appeal, the appellant contends that his sentence is expired based on sentence credits to which he claims he is entitled but was not given. In denying relief, the trial court found that it was without jurisdiction to review the calculation of sentence reduction credits.

A habeas corpus petition must contain allegations suggesting either that the petitioner's convictions are void or that his sentence has expired. Otherwise the petition is facially invalid and subject to summary dismissal. Archer v. State, 851 S.W.2d 157 (Tenn.1993). Habeas corpus relief is not available to challenge Department of Correction matters that have no bearing on the validity of the restraining conviction, the resulting sentence, or the expiration of the sentence. See, e.g., State v. Warren, 740 S.W.2d 425, 428 (Tenn. Crim. App. 1986). Thus, complaints regarding sentence credit miscalculations that relate to release eligibility short of full service of the sentence do not warrant habeas corpus relief.

In the present case, the appellant's contention deals with inactions by the Department of Correction relative to properly crediting him with sentence reduction credits. As the trial court concluded, the appellant's claim does not state a ground for habeas

corpus relief.

Accordingly, based on our review of the appellant's brief, the state's motion, and the record in this case, we conclude that this is an appropriate case for affirmance under Rule 20.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The appellant being indigent, costs are taxed to the state.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE